ELLIOTT v. POLLITZER.

1. Where an administrator sues as such on a promissory note properly described and alleged to have been endorsed to him in his representative capacity, of which note he claims to be the legal owner and holder as administrator, the complaint states a cause of action.
2. An order refusing an oral demurrer is appealable, even before final judgment.
3. A notice of appeal, orally given, from an order refusing an oral demurrer, stays the further hearing of the cause on Circuit. MR. JUSTICE McGOWAN, dissenting.

Before HUDSON, J., Beaufort, September, 1885.

The opinion states the case.

*Messrs. Verdier & Talbird*, for appellant.

*Mr. J. B. Howe*, contra.

February 26, 1886. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. On June 30, 1877, the defendant gave his promissory note to D. McPherson for $1,000. Afterwards "the said note was endorsed and delivered by the said McPherson to the plaintiff herein, as administrator of R. C. McIntire, deceased; and he, the said administrator, is now the legal owner and holder thereof." The plaintiff, as administrator, sued upon the note, and upon the call of the case the defendant moved to dismiss the complaint upon the ground that "it did not state facts sufficient to constitute a cause of action." The presiding judge overruled the motion or verbal demurrer; and to this order defendant excepted, and gave verbal notice of appeal to this court, upon the ground that the judge erred in refusing the

motion. The defendant also claimed that all further proceedings in the case should be stayed until his appeal from the order refusing the motion.could be heard and decided here. Against the objection of the defendant, the judge submitted the case to the jury. The defendant offered no evidence, and the plaintiff had a verdict.

The defendant appealed to this court on two grounds: "I. Because his honor erred in overruling the defendant's oral demurrer. II. Because his honor erred in ordering the cause to trial against the objection of the defendant's counsel after the demurrer was overruled, and notice of appeal given from that ruling."

I think that the Circuit Judge was right in refusing the motion to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. I see no good objection to the complaint, and none was stated. Indeed, the question seemed to be abandoned, and was not argued at the bar.

But it was earnestly urged that the verbal notice of appeal from the order refusing the motion to dismiss the complaint should have stayed all further proceedings in the court below until that appeal was decided in this court. This involves a very important point of practice. In respect to its appealable character, the order refusing the motion to dismiss the complaint, because it did not state facts sufficient to constitute a cause of action, cannot fall under subdivision 3 of section 11 of the Code, for the reason that it was not made in a special proceeding ; nor can it fall under subdivision 2 of that section, because it did not "in effect determine the action or prevent a judgment from which an appeal might be taken." But it does fall within subdivision 1 of that section, which provides as follows: "The Supreme Court shall have exclusive jurisdiction to review any intermediate judgment, order, or decree involving the merits  *  *  *  and final judgment: Provided, if no appeal be taken until final judgment is entered, the court may, upon appeal from such final judgment, review any intermediate order or decree necessarily affecting the judgment not before appealed from," &c.

It is clear that this section provides for the review of all "intermediate orders," but the point is when and how the matter

should be brought up for that purpose—after final judgment in the case or at the time made; and if the latter, whether such appeal must necessarily stay further proceedings in the case until the appeal is disposed of? In regard to reviewing an "intermediate order" on appeal from the final judgment, the terms of the provision are not mandatory, but permissive; and from this it would seem to be inferrible that a party may, if he chose, appeal from an intermediate ruling at the time it is made. From the manner in which it is expressed, we do not feel authorized to hold that this may not be done. But I fully agree with Mr. Wait when he says: "It is not the policy of the code, with reference to appeals, to allow a review of intermediate orders, unless they are such as in effect terminate the action and prevent a judgment from which an appeal will lie, or unless upon appeal from final judgment." *Wait Anno. Code*, 669, and authorities.

If the motion to dismiss the complaint had been granted, the order would have had the effect of terminating the case and of preventing a judgment from which an appeal would lie, and under the terms of the law cited, would have been appealable at once. But it seems to us that it was very different when the motion was refused, for then the case was not terminated, but might go on to judgment, an appeal from which would bring under review the intermediate order as well, as appears in the very case before us, in which there is an appeal both from the final judgment and the intermediate order. There should certainly not be two separate appeals in the same case, but the intermediate order might be, and in my judgment should be, reviewed, if at all, under the appeal from the final judgment. This is, as it seems to me, the view of the code, for otherwise there would necessarily be great delays in the administration of justice, and this court would often be called upon to decide cases by piece-meal, and, indeed, to decide questions which, as tested by the final result, were entirely unnecessary.

But in case the party does not choose to await the final judgment before prosecuting his appeal from an intermediate order refusing to dismiss the complaint, what effect should such appeal have upon the further proceedings in the cause? Must they stop at that point until the appeal is disposed of? Does the

notice of appeal *propriore vigore* stay all further proceedings, or may they proceed in the usual way at least to final judgment? I do not think it necessarily follows that because an intermediate order may be appealed from, all further progress in the cause is thereby stayed pending the appeal. The fact that the code allows an intermediate order to be reviewed on appeal from the final judgment would seem to indicate an intention that the cause may proceed to judgment, notwithstanding the notice of appeal; provided, always, that the order is of such a character as not in effect to terminate the case or to prevent a judgment from which an appeal lies. I fail to find the authority that such appeal must operate as a stay to further proceedings in the case short of judgment.

As I understand it, there is an essential difference between a stay of further proceedings in a cause and a stay of execution upon final judgment. Several of the sections of the code declare what shall be necessary (giving bond, &c.) to procure a stay of proceedings on particular judgments, as, for instance, where the judgment is for the delivery of personal property or the execution of a conveyance, &c.; and then section 356 provides as follows: "In cases not provided for in sections 346, 350, 351, 352, and 353, the notice of appeal shall stay proceedings in the court below upon the judgment appealed from," &c. The case before us can only fall under this section, and it becomes necessary to determine what was meant by the words "upon the judgment appealed from." I incline to think that the intention was to refer to the final judgment in the case which might be enforced, and not to dignify into "a judgment" a simple order refusing to dismiss the complaint, especially as such an order does not allow of further proceedings, but is purely negative in character and needs no stay. The code manifestly does not contemplate two appeals at the same time in the same case, one after the other indefinitely on negative intermediate orders. It seems to me the Circuit Court might, notwithstanding notice of appeal from such an intermediate order, proceed with the cause at least to final judgment. "This court has no authority to review an order for judgment on demurrer, unless plaintiff should amend; the order is not reviewable until final judgment in the case is entered."

*Adams* v. *Fox*, 27 *N. Y.* (13 *Smith*), 640 ; *Wait Anno. Code*, 662, and authorities.

In reference to the review of an intermediate ruling, refusing to dismiss the complaint, I think the proper practice is to except at the time of the ruling, and then await the final judgment from which, if favorable, there will be no need of an appeal; but if adverse, the party may appeal, and in doing so have the intermediate rulings reviewed also, as was always done under the old practice in reference to a ruling at the trial refusing to admit testimony, to grant a non-suit, &c.   Our books of reports since the code are full of cases in which this practice was followed.   See *Hyatt* v. *McBurney*, 17 *S. C.*, 143; *Dial* v. *Tappan*, 20 *Id.*, 167 ; *Crouch* v. *Railroad Company*, 21 *Id.*, 495, and numerous other cases ; while, on the other hand, I know of no case in which an appeal from an order made on motion at the trial refusing to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, was held to stay further proceedings up to the rendition of the judgment.   I think this is the first case in which the question has been distinctly made in this State.

The case of *Hammond* v. *Railroad Company* (15 *S. C.*, 35), was very different from this.   As I understand it, the demurrer in that case was a regular written demurrer.   The fact is not expressly stated in the report, but enough appears to show it. The demurrer was not aimed at the whole complaint, but at only one of the two causes of action contained in it, and when overruled it is stated that the defendant "declined to answer over." There are essential differences between a written and verbal demurrer.   The former is a pleading and makes an issue.   It must be filed within a prescribed time after service, and be accompanied by a certificate of the counsel filing it, that it is meritorious, and not intended merely for delay (see rule XVIII. of the Circuit Court), while the latter has not thrown around it any such safeguards.   It is simply a motion at the trial without notice, and being easily made, may be entirely without merit, and only intended for the purpose of delay.

Both upon the construction of the statute and strong consider-

ations of inconvenience and delay, I think the judgment below should be affirmed.

MR. CHIEF JUSTICE SIMPSON. I concur in so much of this opinion as holds that the Circuit Judge was right in refusing to dismiss the complaint upon the demurrer. Also, in so much as holds that the order appealed from was such an intermediate order as under the code may be the subject of an appeal before final judgment. But I cannot concur in the holding, that the case below could proceed, notwithstanding the appeal from the intermediate order. I think the case of *Hammond* v. *Railroad Company* (15 *S. C.*, 35) is conclusive of this point. See, too, *LeConte* v. *Irwin*, 23 *S. C.*, 106. On this ground, in my opinion, the judgment below should be reversed.

MR. JUSTICE MCIVER. I concur in the views presented by the Chief Justice in his dissenting opinion.

The judgment of the Circuit Court reversed, and the case remanded for a new trial.[1]

---

[1]This completes the cases of April term, 1885.—REPORTER.